UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOHN E. SNYDER,

                Plaintiff,                Case No. 1:09-cv-1100

v.                                          Honorable Robert Holmes Bell

OSCEOLA COUNTY SHERIFF'S
DEPARTMENT et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e©. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff presently is incarcerated in the Van Buren County Jail, but the events giving rise to his complaint occurred at a Spectrum Health facility in Reed City, while Plaintiff was in the custody of Osceola County Sheriff's Department staff. In his *pro se* complaint, Plaintiff sues the Osceola County Sheriff's Department and Spectrum Health. Plaintiff claims that on July 25, 2009, he was detained by the Osceola County Sheriff's Department and taken to a Spectrum Health facility for a blood test. The nurse allegedly stuck him with a big gauge needle 5 or 6 times trying to draw blood, which caused his bicep to separate from the connecting ligaments. Plaintiff claims that he has not had full use of his arm since the incident and will require surgery and physical therapy to repair the injury. Plaintiff seeks an unspecified amount of monetary damages to compensate for medical costs, lost wages, and pain and suffering.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

      A.      **Osceola County Sheriff's Department**

Plaintiff alleges that he was in the custody of the Osceola County Sheriff's Department at the time he was injured by the nurse. Osceola County may only be liable under § 1983 when its policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

Plaintiff does not allege that the Osceola County Sheriff's Department had a policy or custom of taking prisoners for blood tests to health care providers who provide sub-standard medical care that results in injury. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of § 1983 action when plaintiff allegation of

policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Even if Plaintiff alleged a policy or custom, he fails to state an Eighth Amendment claim. Plaintiff's allegations implicate the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Based upon his allegations, it appears that Plaintiff was arrested, but not yet convicted, at the time of the incident. "Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) (citing *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001)). The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Claims of deliberate indifference require "a showing of objective and subjective components." *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008). The objective component of the test requires a plaintiff to demonstrate "a 'sufficiently serious' medical need such that [the plaintiff] is 'incarcerated under conditions posing a substantial risk of serious harm.'" *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)). The subjective component requires a showing that prison officials acted with "'a sufficiently culpable state of mind in denying medical care'," i.e., "a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very

purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 843-835).

Plaintiff alleges nothing more than negligence on the part of the nurse who drew his blood. Under well-established law, "[m]ere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle*, 429 U.S. at 106). As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Because Plaintiff does not allege or show that the nurse acted with the intent required to support a claim of deliberate indifference, he fails to state an Eighth or Fourteenth Amendment claim against the Osceola County Sheriff's Department.

B.  **Spectrum Health**

Plaintiff does not make any specific allegations against Spectrum Health.[1] Rather, he premises liability against Spectrum Health solely on the basis of *respondeat superior* or vicarious

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Spectrum Health is a private health care organization, not a department of the State of Michigan. However, under certain circumstances, a private entity may be considered to be a "state actor" for purposes of § 1983. *See, e.g.*, *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142-48 (3rd Cir. 1995) (volunteer fire company is a state actor); *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.2d 519, 523-26 (3rd Cir. 1994) (private accreditation body for graduate medical programs is not a state actor); *Langston v. ACT*, 890 F.2d 380, 384-85 (11th Cir. 1989) (testing company is not a state actor). The Court need not resolve this question because even assuming Spectrum Health is a state actor, Plaintiff fails to state a claim.

liability, for employing a nurse that allegedly caused him injury. An entity may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694; *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992). *See also Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 19_) (a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights). Liability against an entity may not be based solely on the fact that entity employed a tortfeasor, i.e., under a theory of respondeat superior. *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (1996). Thus, Spectrum Health cannot be liable under § 1983 solely because it employed a nurse who allegedly violated Plaintiff's constitutional rights. Moreover, as the Court concluded above, Plaintiff fails to state an Eighth or Fourteenth Amendment claim arising from the nurse's alleged conduct.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e©.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 5, 2010                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE